United States District Court
Southern District of Texas
**ENTERED**
August 18, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JOSE MANUEL ARCIGA GARCIA, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 7:15-CV-314 |
| § | |
| FRANCISCO GARCIA, *et al*, § | |
| § | |
| Defendants. § | |

## OPINION & ORDER

The Court now considers the first amended motion for entry of default and, in the alternative, motion for summary judgment,[1] filed by Jose Manuel Arciga Garcia and Sandro Alejandro Garcia Moreno ("Plaintiffs"). Also before the Court is Plaintiffs' motion for discovery sanctions against Francisco Garcia, Francisco Garcia Rodriguez and Blanca Medina Salinas, each d/b/a Pollos Medina ("Defendants"),[2] supplemented on April 14, 2016.[3] Defendants failed to respond to either motion. Therefore, the Court will consider the motions as unopposed.[4]

### I. Background

Plaintiffs allege Defendants failed to pay minimum wage and over-time pay while Plaintiffs were employed by Defendants at various locations of their restaurant, Pollos Medina.[5] On July 20, 2015, Plaintiffs filed this action for declaratory relief and monetary damages against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the Texas Minimum Wage Act ("TMWA"), Texas Labor Code 62.001.[6]

---

[1] Dkt. No. 18.
[2] Dkt. No. 14.
[3] Dkt. No. 17.
[4] *See* Local Rule 7.4 of *Local Rules of the United States District Court for the Sothern District of Texas.*
[5] Dkt. No. 1 ("Complaint").
[6] *See id.*

Plaintiffs also assert a promissory estoppel and unjust enrichment claim.[7] Defendants, at that time proceeding *pro-se*, filed a general denial on August 12, 2015.[8] In October 2015, the Court received notice that Defendants had retained Mr. Florencio Lopez as counsel.[9] At the initial pre-trial conference held on October 20, 2015, the Court ordered Defendants to file an amended answer by October 30, 2015 after noting that their general denial was improper in federal court.[10] The Court excused the improper filing as Defendants were *pro-se* at the time the general denial was filed. Defendants have not filed an amended answer to date.

On January 28, 2016, Plaintiffs filed a motion to compel discovery informing the Court of Defendants' failure to respond to their discovery requests.[11] Plaintiffs also filed a motion requesting the Court to sanction Defendants for failing to appear for their oral depositions scheduled for December 8, 2015, despite being timely and properly noticed.[12] As a result of Plaintiffs' motion to compel, the Court ordered Defendants to respond to the request for production within five days of the order date.[13] The Court's order was dated April 6, 2016; thus, Defendants were to provide the documents responsive to Plaintiffs' request for production by April 11, 2016. Defendants failed to do so.  On April 14, 2016, Plaintiffs supplemented their motion for discovery sanctions to alert the Court to Defendants' subsequent discovery violation. In the instant motion, Plaintiffs move for entry of default or, in the alternative, for summary judgment.[14]

---

[7] *See id.*
[8] Dkt. No. 5.
[9] Dkt. No. 8.
[10] *See* Minute Entry, October 20, 2015.
[11] Dkt. No. 13.
[12] Dkt. No.
[13] Dkt. No. 16. The date on the order is April 6, 2016.
[14] Dkt. No. 18.

Specifically, Plaintiffs move for summary judgment against Defendants pursuant to the FLSA as follows:

> (i) Defendants failed to pay Plaintiff [sic] the federal minimum wage of $7.25 per hour for all hours worked, in violation of 29 U.S.C. § 206; and (ii) Defendants failed to pay Plaintiff [sic] overtime compensation for the hours that he [sic] worked in excess of forty hours a week, in violation of 29 U.S.C. § 207(a)(1). Accordingly, Plaintiffs request that the Court also order Defendants to pay Plaintiff Jose Manuel Arciga Garcia the amount of $65,332.75 in unpaid wages and liquidated damages and pay Plaintiff Sandro Alejandro Garcia Moreno the amount of $42,707.88 in unpaid wages and liquidated damages. In total, Plaintiffs request that the Court order Defendants to pay Plaintiffs $108,040.63 in unpaid wages and liquidated damages.[15]

## II. Entry of Default, or Motion for Summary Judgment

As a preliminary matter, the Court **DENIES** Plaintiffs' motion for entry of default judgment. The applicable procedure and nomenclature regarding Federal Rule of Civil Procedure 55(a) was set forth by the United States Court of Appeals for the Fifth Circuit as follows:

> A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a). After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*.[16]

Plaintiffs move the Court to enter default against Defendants for their failure to enter a valid answer.[17] As noted, Defendants failed to file a proper answer thus Defendants were ordered to file an amended answer by October, 30 2015.[18] Defendants failed to do. Nonetheless, because Defendants have appeared,[19] the Court finds that entry of default is not warranted. Accordingly, the entry of default is **DENIED**. The Court now turns to the pending motion for summary judgment and for sanctions, and related matters.

---

[15] Dkt. No. 18 at ¶ 17.
[16] *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (emphasis in original).
[17] Dkt. No. 18 at ¶ 8.
[18] *See* Minute Entry, October 20, 2015.
[19] Defendants have filed an answer, were represented by counsel at the initial pretrial conference in October 2015, and also participated in the filing of the joint pretrial order. *See* Dkt. No. 19.

### III. Standard of Review

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[20] A fact is "material" if its resolution could affect the outcome of the action,[21] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[22] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment."[23]

In a motion for summary judgment, the movant bears the initial burden of showing the absence of a genuine issue of material fact.[24] In this showing, "bald assertions of ultimate fact" are insufficient.[25] Absent a sufficient showing, summary judgment is not warranted, the analysis is ended, and the non-movant need not defend the motion.[26] On the other hand, the movant is freed from this initial burden on matters for which the non-movant would bear the burden of proof at trial; in that event, the movant's burden is reduced to merely pointing to the absence of evidence.[27] If the movant meets its initial burden, the non-movant must then demonstrate the existence of a genuine issue of material fact.[28] This demonstration must specifically indicate facts and their significance,[29] and cannot consist solely of "conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation."[30]

---

[20] FED. R. CIV. P. 56(a).
[21] *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007)(internal quotation marks and citation omitted).
[22] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006)(citation omitted).
[23] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[24] See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[25] *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978)(citation omitted).
[26] See *Celotex Corp.*, 477 U.S. at 323.
[27] See *id*. at 323-25; see also *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995).
[28] See *id*.
[29] See *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).
[30] *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citing *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)).

In conducting its analysis, the Court considers evidence from the entire record and views that evidence in the light most favorable to the non-movant.[31] Thus, although the Court refrains from determinations of credibility and evidentiary weight, the Court nonetheless gives credence to all evidence favoring the non-movant; on the other hand, regarding evidence that favors the movant, the Court gives credence to evidence that is uncontradicted and unimpeachable, but disregards evidence the jury is not required to believe.[32] Rather than combing through the record on its own, the Court looks to the motion for summary judgment and response to present the evidence for consideration.[33] Parties may cite to any part of the record, or bring evidence in the motion and response.[34] By either method, parties need not proffer evidence in a form admissible at trial,[35] but must proffer evidence substantively admissible at trial.[36] However, allegations set out in pleadings are not evidence.[37]

    *a. Summary Judgment Evidence*

In support of the motion for summary judgment, Plaintiffs have submitted various documents including: (1) declarations from each Plaintiff;[38] (2) an assumed name certificate showing Defendant Francisco Garcia as the owner of Pollos Medina;[39] (3) Plaintiffs' request for

---

[31] *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000) (citations omitted).
[32] *See id*.
[33] *See* FED.R.CIV. P. 56(e).
[34] *See* FED. R. CIV. P. 56(c).
[35] *See Celotex Corp.*, 477 U.S. at 324 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").
[36] *See Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) ("the evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial.").
[37] *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir.1996) ("[P]leadings are not summary judgment evidence.").
[38] Dkt. No. 18, Exh. B ("Declaration of Jose Manuel Arciga Garcia"); Exh. C ("Declaration of Sandro Alejandro Garcia Moreno").
[39] *Id.*, Exh. D.

admissions and requests for production, sent to each Defendant;[40] (4) damage calculations for each Plaintiff;[41] (5) and a declaration from Plaintiffs' attorney in charge, Efren C. Olivares.[42]

## IV. Discussion

As noted, Defendants failed to respond to Plaintiffs' motion for summary judgment; thus, pursuant to Rule 7.4 of the *Local Rules of the United States District Court for the Southern District of Texas*, the Court will construe Defendants' non-responsiveness as a representation of no opposition. However, a lack of opposition by one party does not itself warrant summary judgment as to that party.[43] Instead, consistent with the standard enumerated above, summary judgment is warranted only if the movant meets its initial burden.[44]

Defendants failed also to respond to Plaintiffs' request for admissions. When a party fails to respond timely to requests for admissions, the matters in the requests are deemed admitted[45] and are "conclusively established."[46] A court may grant summary judgment on the basis of admissions.[47] Here, Defendants' failure to respond to Plaintiffs' request for admissions deems those requests admitted and the Court will consider the admissions, as well as the uncontroverted summary judgment evidence, in the analysis below.

    *a. Facts*

Pollos Medina is a restaurant with locations in Mission and Alton, Hidalgo County, Texas.[48] Defendant Francisco Garcia does business as Pollos Medina.[49] Pollos Medina is a sole

---

[40] *Id.*, Exh. E.
[41] *Id.*, Exh. F (damages calculation chart for Plaintiff Jose Manuel Arciga Garcia); Exh. G (damages calculation chart for Plaintiff Sandro Alejandro Garcia Moreno).
[42] *Id.*, Exh. H.
[43] *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). *See also*, FED. R. CIV. P. 56.
[44] *Id.*
[45] FED.R.CIV. P. 36(a)(3).
[46] FED.R.CIV. P. 36(b).
[47] Fed. R. Civ. Proc. 56(c); *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001).
[48] Declaration of Jose Manuel Arciga Garcia at ¶ 2; Declaration of Sandro Alejandro Garcia Moreno at ¶ 2.
[49] *See* Dkt. No. 18, Exh. D.

proprietorship and Defendant Francisco Garcia is the owner.[50] Pollos Medina's business had annual volume of sales of at least $500,000 for 2012, 2013 and 2014.[51] Defendants employed, supervised and paid Plaintiffs.[52] Defendants procured one of the ingredients for their chicken, a seasoning known as *preparado*, from Mexico and brought it into Texas for use at their restaurants.[53]

Plaintiff Jose Manuel Arciga Garcia ("Garcia") worked for Defendants starting from approximately July 9, 2013 until approximately July 20, 2015.[54] Garcia's duties during his employment at Pollos Medina included, among other tasks, cooking chicken, waiting tables, and performing building maintenance.[55] Garcia worked from 8:00 a.m. to 9:00 p.m., with no breaks, on the weekdays, and from 7:00 a.m. to 10:30 p.m. on the weekends.[56] Garcia worked between 6 and 7 days per week for Defendants.[57] Defendants paid Garcia a salary for his work.[58] Defendants have not produced the employment related records requested by Plaintiffs.[59] Nonetheless, Garcia attests that from approximately July 9, 2013 to approximately March 9, 2015, Defendants paid him $45.00 per day.[60] From approximately March 9, 2015 until July 20, 2015, his last day of employment, Defendants paid Garcia $75.00 per day.[61]

Plaintiff Sandro Alejandro Garcia Moreno ("Moreno") worked for Defendants starting from approximately December 2013 to approximately October 2014.[62] Moreno's duties during his employment at Pollos Medina included, among other tasks, preparing, cutting, seasoning and

---

[50] *See id.*
[51] *Id.*, Exh. E., Request for Admissions ("RFA") Nos. 11, 12, and 13.
[52] *See* Declaration of Jose Manuel Arciga Garcia; Declaration of Sandro Alejandro Garcia Moreno; RFA Nos. 3-5.
[53] *See* Declaration of Jose Manuel Arciga Garcia; Declaration of Sandro Alejandro Garcia Moreno; RFA No. 19-20.
[54] Declaration of Jose Manuel Arciga Garcia.
[55] *See id.*
[56] *See id.*
[57] *See id.*
[58] *See id.*; RFA No. 5.
[59] *See* Exh. E.
[60] Declaration of Jose Manuel Arciga Garcia.
[61] *See id.*
[62] Declaration of Sandro Alejandro Garcia Moreno.

cooking chicken; waiting on tables, cleaning the restaurant and washing dishes.[63] Moreno worked from 8:30 a.m. to 10:00 p.m., with only short breaks.[64] Moreno worked 6 days per week for Defendants.[65] Defendants paid Moreno a salary for his work.[66] Moreno attests that from approximately December 2013 to approximately March 15, 2014, Defendants paid him $35.00 per day.[67] From approximately March 16, 2014 until October 15, 2014, Defendants paid Moreno $45.00 per day.[68] Moreno was usually paid in cash.[69]

Defendants admit they knew Plaintiffs worked over 40 hours in a week, knew of the minimum wage and knew of the overtime rate of time and half during Plaintiffs' employment, and did not pay Plaintiffs at least the minimal hourly wage.[70] Defendants also admit they willfully violated Plaintiffs' rights under the FLSA.[71]

    b. *Applicable Law*

A business is subject to the FLSA if it has employees "engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person";[72] and "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000. . . ."[73] The FLSA defines an employer to be any person acting directly, or indirectly, in

---

[63] *See id.*
[64] *See id.*
[65] *See id.*
[66] *See id.*; RFA No. 5.
[67] Declaration of Sandro Alejandro Garcia Moreno.
[68] *See id.*
[69] *See id.*
[70] RFA Nos. 6-9.
[71] RFA No. 10.
[72] 29 U.S.C.A. § 203(s)(1)(A)(i)(West).
[73] 29 U.S.C.A. § 203(s)(1)(A)(ii)(West).

the interest of an employer in relation to an employee.[74] To "employ" means to "suffer or permit to work."[75]

When determining whether there is an employer/employee relationship, the Fifth Circuit applies the "economic reality" test.[76] In applying this test the court must consider if the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."[77] A court must apply the four prong economic realities test to each entity and individual alleged to be an employer.[78] While each element does not have to be established in every case,[79] "finding employer status when none of the factors is present would make the test meaningless."[80]

The Fifth Circuit has commented that the "remedial purposes of the FLSA require the courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications."[81] Further, the "dominant theme in the case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies."[82] Pursuant to the FLSA, an employer must pay his or her employees a minimum wage, currently $7.25 per hour.[83] Generally, the FLSA requires employers to pay employees for all hours worked.[84] Furthermore, the FLSA provides that an

---

[74] 29 U.S.C.A § 203(d)(West).
[75] 29 U.S.C.A. § 203(g)(West).
[76] *Gray v. Powers*, 673 F.3d 352, 354–55 (5th Cir. 2012)(citations omitted).
[77] *Id.* at 355 (citation and internal quotation marks omitted).
[78] *Id.* at 355 (citation omitted).
[79] *Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014)(citing *Gray*, 673 F.3d at 357).
[80] *Gray*, 673 F.3d at 357.
[81] *McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989)(per curiam), *modifying* 861 F.2d 450 (5th Cir.1988).
[82] *Martin v. Spring Break '83 Prods., LLC,* 688 F.3d 247, 251 (5th Cir.2012) (citation and internal quotation marks omitted).
[83] 29 U.S.C.A. § 206(a)(West).
[84] *Von Friewalde v. Boeing Aerospace Operations, Inc.*, 339 Fed. Appx. 448, 453 (5th Cir. 2009).

employee be paid at least one and one half-times the regulate rate for each hour worked over 40 hours in any given week.[85]

The FLSA also requires employers to "make, keep, and preserve" accurate records of the "wages, hours, and other conditions and practices of employment. . . ."[86] Generally, an employee seeking unpaid minimum wages or unpaid overtime compensation under the FLSA must first show that he "performed work for which he was not properly compensated."[87] An employee can satisfy this burden by requesting his records from his employer. However, when an employer has failed to keep employment related records, "[t]he solution ... is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work."[88] Instead, an employee can satisfy his burden of demonstrating a *prima facia* case under the FLSA

> if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.[89]

   c. *Employer-Employee Relationships*

As a threshold issue, the Court must apply the economic reality test to determine if each Defendant was an employer of each Plaintiff. "An individual's operational control can be shown

---

[85] 29 U.S.C.A. § 207(a)(1)(West)("no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.").
[86] 29 U.S.C.A. § 211(c) (West).
[87] *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687(1946), *superseded by statute on other grounds as stated in Integrity Staffing Solutions, Inc. v. Busk, U.S.*, 135 S. Ct. 513 (2014).
[88] *Von Friewalde*, 339 Fed. Appx. at 455 (quoting *Anderson*, 328 U.S. at 687).
[89] *Id.; Albanil v. Coast 2 Coast, Inc*., 444 Fed. Appx. 788, 806 (5th Cir. 2011).

through his [1] power to hire and fire, [2] ability to supervise, [3] power to set wages, and [4] maintenance of employment records."[90] Plaintiffs have to present evidence to satisfy each prong of the test.[91]

### i. Defendant Francisco Garcia

As noted above, Defendant Francisco Garcia does business as Pollos Medina.[92] Pollos Medina is a sole proprietorship and Defendant Francisco Garcia is the owner.[93] To satisfy the first element of the economic realities test, Plaintiffs have to present evidence to show that Defendant Francisco Garcia had the power to hire and fire them. As owner of Pollos Medina, the Court cannot assume Defendant Francisco Garcia had the power to hire and fire as "a status-based inference of control" will not do in the Fifth Circuit.[94] However, in this case Defendant Francisco Garcia has admitted to employing, supervising, and paying each Plaintiff for his work.[95] These admissions fully satisfy prongs two and three of the economic realities test, and satisfy prong one, at least in part.

Defendant Francisco Garcia has also admitted to (1) not creating any written records of the hours worked by Plaintiffs during their employment and (2) not providing written records of the hours worked by Plaintiffs.[96] Accordingly, it is not possible for Plaintiffs to show that Defendant Francisco Garcia maintained employment records as he has admitted to not creating written records and failed to provide them.

After applying the economic reality test to Defendant Francisco Garcia, the Court concludes that he meets sufficient criteria to be considered an employer. The Court reaches this

---

[90] *Gray v. Powers*, 673 F.3d 352, 357 (5th Cir. 2012).
[91] *Orozco v. Plackis*, 757 F.3d 445, 449 (5th Cir. 2014)(applying the economic realities test by analyzing whether plaintiff presented evidence to show that the defendant owner satisfied the various prongs).
[92] *See* Dkt. No. 18, Exh. D.
[93] *See id.*
[94] *Gray v. Powers*, 673 F.3d 352, 356 (5th Cir. 2012).
[95] Dkt. No. 18, Exh. E, RFA Nos. 3-5.
[96] RFA Nos. 1-2.

conclusion by heeding Fifth Circuit precedent recognizing that each element of the economic reality test does not have to be established in every case.[97] Furthermore, the Fifth Circuit has observed that the "remedial purposes of the FLSA require the courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications."[98] With these instructions, the Court finds Plaintiffs' summary judgment evidence meets their initial burden and supports a finding that Defendant Francisco is an employer under the FLSA.

By failing to respond to Plaintiffs' discovery requests and the motion for summary judgment, Defendant Francisco Garcia fails to show the existence of a genuine issue of material fact on this issue.[99] Thus, through his own admissions and the uncontroverted summary judgment evidence, the Court finds that Defendant Francisco Garcia meets meaningful aspects of the economic realities test and employed Plaintiffs.

ii. Defendant Blanca Medina Salinas

Defendant Blanca Medina Salinas admitted to employing, supervising, and paying each Plaintiff for his work.[100] Further, she hired Plaintiffs, set their schedules and assigned work related tasks.[101] She would "often scream at the employees" calling them "worthless" and telling them to be "grateful" for giving them work.[102]

These admissions satisfy prongs one, two and three of the economic realities test. Defendant Blanca Medina Salinas has also admitted to (1) not creating any written records of the hours worked by Plaintiffs during their employment and (2) not providing written records of the

---

[97] *Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014)(citing *Gray,* 673 F.3d at 357).
[98] *McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989)(per curiam), *modifying* 861 F.2d 450 (5th Cir.1988).
[99] *See Celotex Corp.*, 477 U.S. at 323-25.
[100] Dkt. No. 18, Exh. E, RFA Nos. 3-5.
[101] *See* Declaration of Jose Manuel Arciga Garcia; Declaration of Sandro Alejandro Garcia Moreno.
[102] *See id.* at p. 2.

hours worked by Plaintiffs.[103] Accordingly, it is not possible for Plaintiffs to establish the fourth prong of the test (that Defendant Blanca Medina Salinas maintained employment records) as she has admitted to not creating the written records and failed to provide them.

"The dominant theme in the case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies."[104] Defendant Blanca Medina Salinas admits to exercising such control over Plaintiffs even though she was not the legal owner of Pollos Medina. For the reasons stated in the prior analysis, the Court concludes that Plaintiffs' summary judgment evidence establishes that Defendant Blanca Medina Salinas satisfies sufficient prongs of the economic realities test. By failing to respond to Plaintiffs' discovery requests and the motion for summary judgment, Defendant Blanca Medina Salinas fails to show the existence of a genuine issue of material fact on this issue.[105] Thus, through her own admissions and the uncontroverted summary judgment evidence, the Court finds that Defendant Blanca Medina Salinas can be considered to be an employer of Plaintiffs.

iii. Defendant Francisco Garcia Rodriguez

Defendant Francisco Garcia Rodriguez admitted to employing, supervising, and paying each Plaintiff for his work.[106] He insulted Plaintiffs at work, specifically when they asked for days off work or refused to work extra hours without pay.[107] Additionally, sometime during November 2014, he beat Plaintiff Moreno.[108] Defendant Francisco Garcia Rodriguez has also

---

[103] Dkt. No. 18, Exh. E, at RFA Nos. 1-2.
[104] *Gray v. Powers*, 673 F.3d 352, 357 (5th Cir. 2012).
[105] *See Celotex Corp.*, 477 U.S. at 323-25.
[106] Dkt. No. 18, Exh. E, RFA Nos. 3-5.
[107] *See* Declaration of Jose Manuel Arciga Garcia at p. 2; Declaration of Sandro Alejandro Garcia Moreno at p. 2.
[108] *Id.*; *see also* Dkt. No. 18, Exh. E, at RFA No. 21.

admitted to (1) not creating any written records of the hours worked by Plaintiffs during their employment and (2) not providing written records of the hours worked by Plaintiffs.[109]

To satisfy the first element of the economic realities test, Plaintiffs have to present evidence to show that Defendant Francisco Garcia Rodriguez had the power to hire and fire them. There is some evidence before the Court to satisfy this prong as Defendant Francisco Garcia Rodriguez admits to employing Plaintiffs. Although there is no evidence that Defendant Francisco Garcia Rodriguez had authority to fire Plaintiffs, "this failure is not fatal" as "each element need not be present in every case."[110] Accordingly, the Court will analyze the evidence as it applies to the other factors of the economic reality test.[111]

Plaintiffs' summary judgment evidence, specifically Defendant Francisco Garcia Rodriguez's admissions, certainly satisfies the second and prongs of the economic realities test.[112] As noted in the earlier analysis, in this case it is not possible for Plaintiffs to show that Francisco Garcia Rodriguez maintained employment records because he has admitted to not creating written records and has failed to provide them. For the reasons stated in the prior analysis, the Court concludes that Plaintiffs' summary judgment evidence establishes that Defendant Francisco Garcia Rodriguez satisfies sufficient prongs of the economic realities test. Although Plaintiffs have not established that he had the power to fire them, Defendant Francisco Garcia Rodriguez's admissions satisfy at least two prongs and so the economic realities test is not rendered "meaningless."[113] By failing to respond to Plaintiffs' discovery requests and the motion for summary judgment, Defendant Francisco Garcia Rodriguez fails to show the

---

[109] Dkt. No. 18, Exh. E, at RFA Nos. 1-2.
[110] *Orozco v. Plackis*, 757 F.3d 445, 449 (5th Cir. 2014)(citation omitted).
[111] *See id.*
[112] Dkt. No. 18, Exh. E, at RFA No. 1.
[113] See *Orozco v. Plackis*, 757 F.3d at 452("finding employer status when none of the factors is present would make the test meaningless.").

existence of a genuine issue of material fact on this issue.[114] Thus, the Court concludes Francisco Garcia Rodriguez is an employer of Plaintiffs.

In summary, after applying the economic reality test to each Defendant, the Court holds that each Defendant is an employer of each Plaintiff within the meaning of the FLSA.

### d. Liability

Summary judgment is justified here on the basis of Plaintiffs' uncontroverted summary judgment evidence, which includes Defendants' deemed admissions. Plaintiffs need only establish a prima facie case to satisfy their burden of proof in this case because Defendants have admitted to not creating written records of the hours worked by Plaintiffs during their employment and have admitted to not providing any written record of the hours worked by Plaintiffs.[115] Plaintiffs have proffered declarations, made under the penalty of perjury, attesting that they were not paid minimum wage and were not properly compensated for their overtime hours.[116] Through these declarations, Plaintiffs have demonstrated the amount and extent of that work as a matter of just and reasonable inference. In turn, Defendants have failed to respond. Accordingly, because Defendants have failed to raise a genuine issue of fact on their liability concerning the minimum wage and overtime dispute, Plaintiffs' motion for summary judgment as to their FLSA claim is **GRANTED**.

### e. Damages

Having found Defendants liable for violations of the FLSA, the Court will in turn determine the damages to which each Plaintiff is entitled. In support of their motion for summary

---

[114] *See Celotex Corp.*, 477 U.S. at 323-25.
[115] Dkt. No. 18, Exh. E, RFA Nos. 1-2.
[116] *See* Declaration of Jose Manuel Arciga Garcia; Declaration of Sandro Alejandro Garcia Moreno.

judgment, Plaintiffs proffer declarations[117] and damage calculations for each Plaintiff generated from their declaration testimony.[118] Plaintiff Garcia is entitled to $32,666.38 for unpaid wages.[119] Further, Plaintiff Garcia is entitled to an additional equal amount as liquidated damages.[120] Accordingly, Defendants owe Plaintiff Garcia $65,332.75. Plaintiff Moreno is entitled to $21,353.94 for unpaid wages.[121] Plaintiff Moreno is further entitled to an additional equal amount as liquidated damages.[122] Accordingly, Defendants owe Plaintiff Moreno $42,707.88.

V. **Attorneys' Fees and Sanctions**

Plaintiffs also seek attorneys' fees and costs pursuant to the FLSA, 29 U.S. C. §216(b) and the TMWA, Texas Labor Code 62.205.[123] However, since Plaintiffs only move for summary judgment under the FLSA,[124] the Court will consider only awarding attorneys' fees pursuant to the FLSA. Under the FLSA, the Court "shall in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."[125]

To determine the proper award of attorneys' fees, the Court will calculate the *Lodestar* fee: the result of multiplying the number of hours reasonably expended on the litigation by a reasonable hourly billing rate.[126] The Court will then consider the *Lodestar* fee in light of the

---

[117] Dkt. No. 18, Exh. B (Declaration of Jose Manuel Arciga Garcia); Exh. C (Declaration of Sandro Alejandro Garcia Moreno).
[118] *Id.*, Exh. F (damages calculation chart for Plaintiff Jose Manuel Arciga Garcia); Exh. G (damages calculation chart for Plaintiff Sandro Alejandro Garcia Moreno).
[119] *Id.*, Exh. F.
[120] 29 U.S.C.A. § 216(b)(West).
[121] *Id.*, Exh. G.
[122] 29 U.S.C.A. § 216(b)(West).
[123] Dkt. No. 18 at ¶ 54; Dkt. Nos. 14, 17.
[124] Dkt. No. 18 at ¶ 54.
[125] 29 U.S.C.A. § 216(b) (West).
[126] *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

factors set forth in *Johnson v. Georgia Highway Express Inc.*,[127] and may, in its discretion, revise the *Lodestar* amount accordingly.[128]

In support thereof, Efren C. Olivares, the attorney in charge for Plaintiffs, attaches a declaration to the motion indicating the number of hours spent by Plaintiffs' attorneys in this matter. Mr. Olivares has "spent a total of 56.9 hours" on this case and argues a rate of $250 per hour is reasonable in light of his experience, reputation and ability in these types of controversies.[129] Ms. Wallis Nader has spent a total of 18 hours working on Plaintiffs' case and her hourly billing rate was $150.[130] Finally, Mr. Carlos Garcia spent 3 hours working on this case and his typical hourly billing rate is $250.[131] Previously in this case, the Court granted Plaintiffs' motion to compel.[132] The Court reiterates its earlier findings that awarding reasonable expenses to Plaintiffs is appropriate here.

Having considered the declaration, and bearing in mind the nature of this litigation and the work done to date, the Court finds that the amount of time spent by Plaintiffs' attorneys is a reasonable amount of time. Furthermore, considering this Court's familiarity with hourly rate for practice in this county, the Court agrees that the hourly rate as noted for each attorney to be reasonable. The *Lodestar* amount thus calculated is $17,675.00.[133] The Court has already incorporated the *Johnson* factors pertinent to this analysis in its calculation and it finds the

---

[127] 488 F.2d 714, 717–19 (5th Cir.1974).
[128] *Id*.
[129] Dkt. No. 18, Exh. H at ¶ 7.
[130] *Id*. at ¶ 8.
[131] *Id*. at ¶ 9.
[132] The Court notes that the attorneys' fees requested by Plaintiffs in the motion for discovery sanctions have been addressed through the awarding of reasonable attorneys' fees. *See* Dkt. No.17 at ¶ 15(b). Although Plaintiffs request the Court to grant further discovery sanctions, such sanctions are no longer necessary. *See* Dkt. No.17 at ¶ 15(c)-(d).
[133] This figure is calculated by multiplying the number of hours worked by the hourly rate for each attorney and then adding the amounts together. Using the *Lodestar* method, Mr. Efren's amount is $14,225.00; Ms. Nader's, $2,700; and Mr. Garcia's, $750.00.

*Lodestar* amount does not need to be altered. Therefore, the Court awards $17,675.00 in attorneys' fees.

Finally, Plaintiffs request the Court to order Defendants to pay the reasonable and necessary costs associated with Defendants failure to appear for a deposition.[134] Specifically, Plaintiffs seek the "costs incurred for having to pay the Court Reporter's and Spanish interpreter's appearance fees, in the amount of $665.00."[135] Accordingly, the Court **GRANTS** Plaintiffs' request for $665.00 in deposition costs, for a total award of $18,340.00 in reasonable and necessary attorneys' fees and costs.

## VI. Holding

For the foregoing reasons, the Court **GRANTS** judgment for Jose Manuel Arciga Garcia and Sandro Alejandro Garcia Moreno and against Francisco Garcia, Francisco Garcia Rodriguez and Blanca Medina Salinas, each d/b/a Pollos Medina. Judgment is hereby entered as follows:

1) Judgment against Francisco Garcia, Francisco Garcia Rodriguez and Blanca Medina Salinas, as to Plaintiff Jose Manuel Arciga Garcia in the amount of $65,332.75 in unpaid wages and liquidated damages;

2) Judgment against Francisco Garcia, Francisco Garcia Rodriguez and Blanca Medina Salinas, as to Plaintiff Sandro Alejandro Garcia Moreno in the amount of $42,707.88 in unpaid wages and liquidated damages;

3) Plaintiffs' reasonable and necessary attorneys' fees and costs in the amount of $18,340.00;

4) Judgment against Defendants is joint and several;[136]

5) Post-judgment interest shall accrue at the rate of 0.56%.[137]

---

[134] Dkt. No. 17 at ¶ 15(a).
[135] *Id.*; see also Dkt. No. 14, Exh. A(deposition notices); Exh. B(certificates of non-appearance); Exh. C(invoices).
[136] *See Lee v. Coahoma Cnty., Miss.,* 937 F.2d 220, 226 (5th Cir.1991)("If an individual with managerial responsibilities is deemed an employer under the FLSA, the individual may be jointly and severally liable for damages resulting from the failure to comply with the FLSA.").
[137] *See* 28 U.S.C. § 1961(a) (2000) (Post-judgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."); *Post-*

In turn, the Court **CANCELS** the pretrial conference scheduled for September 13, 2016. This is a final judgment.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 18th day of August, 2016.

_____
Micaela Alvarez
United States District Judge

---

*Judgment Interest Rates*, U.S. DISTRICT & BANKRUPTCY COURTS, SOUTHERN DISTRICT OF TEXAS, http://www.txs.uscourts.gov/page/post-judgment-interest-rates (last vsisited August 18, 2016).